CAMPBELL v. JOHN J. MONKS CO.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

EVIDENCE (§ 408*)—PAROL EVIDENCE—VARYING RECEIPT.

    A receipt for notes given to satisfy a warehouseman's lien, which provided that the notes were accepted "subject to satisfactory investigation as to signature of indorser, this before the final surrender of the goods," could be explained by parol evidence as to the agreement made by the parties when the receipt was delivered; the receipt not being conclusive thereon.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1829–1842; Dec. Dig. § 408.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Patrick A. Campbell against the John J. Monks Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Kramer & Bourke, of New York City (J. J. Kramer, of New York City, of counsel), for appellant.

Paul Jones, of New York City, for respondent.

SEABURY, J.   This is an action of replevin.   The chattels had been stored by plaintiff's assignor in defendant's warehouse.  The only question in dispute relates to the defendant's claim to have a lien upon the chattels for $443.   The plaintiff paid the defendant $145 in cash on account of the amount of the lien, and offered the defendant two notes of his assignor for the balance.   The notes were indorsed by one John Wynn.   The defendant, on the delivery of the notes, gave the plaintiff a receipt accepting said notes "subject to satisfactory investigation as to signature of indorser, this before the final surrender of goods."   Upon investigation, the defendant was unable to ascertain any information about the indorser.

Upon the trial the court held that the receipt for the notes was a contract, which bound the defendant to accept the notes if the signature of the indorser was genuine.   The defendant offered evidence as to the agreement which was made when the receipt was delivered, but this evidence was excluded.   It was competent for the defendant to explain the terms of the receipt, by proving the conversation which its representative had with the plaintiff at the time the receipt was given.   The receipt is not an exclusive memorial, and the real agreement which the parties made may be shown, irrespective of the terms of the receipt.   Wigmore on Evidence, § 2432.

It follows that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.   All concur.